UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EMMANUEL LEWIS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-CV-2108 |
| RICK HARRINGTON, Warden, | ) |
| Respondent. | ) |

## OPINION

On May 21, 2013, this court received a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) from Petitioner, Emmanuel Lewis. Petitioner filed a Motion to Stay (#7) on September 9, 2013. Respondent, Rick Harrington, Warden of Menard Correctional Center, filed a Motion to Dismiss (#10) on November 22, 2013, arguing that Petitioner has failed to exhaust his state court remedies. For the following reasons, Petitioner's Motion to Stay (#7) is DENIED and Respondent's Motion to Dismiss (#10) is GRANTED.

BACKGROUND

In February 2010, Petitioner was sentenced to forty years imprisonment following his conviction in a jury trial for the first degree murder of Brandon Read. Petitioner filed a direct appeal and the Illinois appellate court affirmed. On May 30, 2012, Petitioner's Petition for Leave to Appeal (PLA) was denied by the Illinois Supreme Court. Petitioner did not file a petition for a writ of certiori with the U.S. Supreme Court. On March 29, 2013, Petitioner mailed a post-conviction petition pursuant to 725 ILCS 5/122-1, *et seq.*, (West 2012) to the trial court. According to Petitioner's Petition, his state postconviction petition contained the following claims: (1) Petitioner was denied his Sixth and Fourteenth Amendment rights to

effective assistance of counsel on direct appeal when the trial court did not appoint new counsel to represent him on his pretrial pro se claim that his counsel was ineffective; (2) trial counsel was ineffective by not trying to get surveillance video that would prove he could not have been present at the scene of the shooting at the time the shooting took place; (3) his convictions should be reversed under the one-act, one-crime doctrine; and (4) his appellate counsel was ineffective in not arguing the trial court erred in not appointing Petitioner new counsel on his pretrial pro se claim that trial counsel was ineffective due to failure to investigate defense witnesses and present a defense. That petition was ultimately dismissed. On July 18, 2013, Petitioner appealed that dismissal to the appellate court. The appeal remains pending.[1]

While that postconviction petition was pending in the state trial court, Petitioner filed the instant habeas petition with this court on May 20, 2013. In his Petition, Petitioner makes four claims: (1) he was denied his right to effective assistance of appellate counsel on his claim that his trial counsel failed to investigate the surveillance video and provide a defense; (2) trial counsel was ineffective for failing to call Thesis Jones as a defense witness; (3) he was not proved guilty beyond a reasonable doubt; and (4) the trial court erred in allowing in evidence that a witness overheard a co-defendant make incriminating statements and there was no evidence that Petitioner was present when the statements were made.

---

[1] The court contacted the Clerk of the Court for the Illinois Fourth District Appellate court and was informed that, as of February 13, 2014, the case was still in the briefing stage and the appellant (Petitioner) had not yet filed his opening brief.

## THE PARTIES' MOTIONS

Petitioner filed a Motion to Stay (#7) on September 9, 2013, arguing that the case should be stayed because he was not aware that Illinois law allowed him to file a late postconviction petition. He asked the court to stay its ruling on his Petition until he could file a postconviction petition and exhaust his state remedies. Respondent filed his Motion to Dismiss (#10) on November 22, 2013. Respondent began by noting that Petitioner has already filed a postconviction petition, and that petition is currently on appeal in the Illinois appellate court. Respondent stated that Petitioner has been erroneously referring to his postconviction petition as a "petition for relief from judgment" under 735 ILCS 5/2-1401, "but a review of petitioner's documents filed in the state courts makes clear that he is referring to his postconviction petition filed pursuant to 725 ILCS 5/122-1." Respondent argued the Petition should be dismissed without prejudice and with leave to refile because Petitioner has not exhausted his state court remedies. Respondent argues, and Petitioner concedes, that there is overlap between some of the claims in the Petition and some of the claims in the state postconviction petition now on appeal, and thus the Petition is "mixed." Respondent argues that, since Petitioner only filed his postconviction petition eight months ago, there is no "inordinate" delay in a state resolution.

## ANALYSIS

A federal court should not grant a habeas application to a petitioner seeking relief under § 2254 unless it appears that "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28

U.S.C. § 2254(c). A petitioner is not required to exhaust, however, where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). An inordinate delay in the state court proceedings could qualify as such a circumstance, requiring the district court to hold a hearing to determine if the delay is justifiable. *Sceifers v. Trig*, 46 F.3d 701, 703 (7th Cir. 1995).

A "mixed" petition for habeas relief under § 2254 is one "in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." *Rhines v. Weber*, 544 U.S. 269, 271 (2005). Prior to the changes made to the habeas statutes in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), U.S. Supreme Court jurisprudence held that federal courts may not adjudicate mixed petitions for habeas corpus, and required "total exhaustion," whereby the Court directed federal courts to "dismiss mixed petitions without prejudice and allow[ed] petitioners to return to state court to present the unexhausted claims to that court in the first instance." *Rhines*, 544 U.S. at 274, citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

At the time *Lundy* was decided, there was no statute of limitations on the filing of habeas claims, thus petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease. *Rhines*, 544 U.S. at 274. The enactment of AEDPA "dramatically altered the landscape of federal habeas corpus petitions." *Rhines*, 544 U.S. at 274. While AEDPA preserved *Lundy*'s total exhaustion requirement, it also imposed a one-year statute of limitations on the filing of federal petitions. This created a problem where "petitioners who come to federal court with

4

'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275.

> "If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of federal review. *** Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." *Rhines*, 544 U.S. at 275.

The Court noted that, in an attempt to solve this problem, district courts were adopting a "stay and abeyance" procedure, whereby, rather than dismissing a mixed petition pursuant to Lundy, district courts might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines*, 544 U.S. at 275. Once the petitioner exhausts his state remedies, the district court may lift the stay and allow the petitioner to proceed in federal court. *Rhines*, 544 U.S. at 275-76. However, due to the potential of the stay and abeyance procedure to undermine AEDPA's objective of encouraging finality and streamlining habeas procedures, the Court imposed limited circumstances under which the procedure could be employed. *Rhines*, 544 U.S. at 276. A stay should be applied to a mixed petition where: (1) the petitioner has good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication petitioner engaged in dilatory

tactics. *Rhines*, 544 U.S. at 277-78. However, if stay and abeyance is not appropriate, the Court suggested that dismissal of the entire petition, or only the unexhausted claims, may still be appropriate, writing:

> "\*\*\*if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

The Seventh Circuit has written that "whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). In *Kingston*, the court held:

> "When a district court's order dismissing a petition without prejudice will 'effectively end any chance at federal habeas review,' that is, when there is a substantial risk that it comes far too late for the prisoner to re-file, district courts are to consider whether a stay might be more appropriate than an outright dismissal, regardless of whether the petitioner has made such a request." *Kingston*, 538 F.3d at 735, quoting *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).

However, the Seventh Circuit has also noted that a dismissal with leave to reinstate is another procedure for handling certain mixed petitions, writing that a motion to dismiss with leave to reinstate "has the effect of a stay and does not act as a final judgment until the time

specified by the court for reinstatement has expired." *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006).

In this case, we agree with the position advanced by Respondent that a motion to dismiss with leave to reinstate is more appropriate. Petitioner's Petition is clearly "mixed," in that it contains some claims that have not been exhausted in the state court. Further, there has been no "inordinate delay" in this case so as to require a hearing into whether requiring Petitioner to exhaust his state remedies is justified. Petitioner filed his postconviction petition less than a year ago and courts have held that such time does not constitute inordinate delay. See *Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994) (presumption of inordinate delay does not attach on a direct appeal until the two year mark has passed); *United States ex rel. Brown v. Shaw*, 2009 WL 5166220, at *4-5 (N.D. Ill. Dec. 21, 2009) (fourteen month delay not inordinate); *Bell v. Robert*, 402 F.Supp.2d 938, 948 (N.D. Ill. 2005) (eleven and a half month delay not inordinate).

Dismissal with leave to reinstate leaves Petitioner with adequate time to file his § 2254 petition once his postconviction proceedings are completed. A person in custody pursuant to the judgment of a state court has one year to file a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Pertinent to Petitioner's case, the limitations period did not begin to run until "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct review PLA was denied by the Illinois Supreme Court, and he did not file a petition for writ of certiori with the U.S. Supreme Court. The time for seeking direct review expired ninety days after the PLA was denied by the Illinois Supreme Court. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) ("For all other petitioners, the judgment becomes final 'at the expiration of the time for seeking such

review' - when the time for pursuing direct review in this Court, or in state court, expires."). The Illinois Supreme Court denied Petitioner's PLA on May 30, 2012. Petitioner's conviction then became final on August 28, 2012. However, the time for filing a § 2254 petition was tolled when he filed his postconviction petition on March 29, 2013. 28 U.S.C. § 2244(d)(2). Therefore, 213 days have run against the 365-day limitations period. Petitioner will have 152 days, nearly five months, in which to refile his habeas petition with this court once review of his postconviction petition becomes final. Thus, he will not be prejudiced by dismissal in this instance.

A motion to dismiss with leave to reinstate has the practical effect of a stay. Further, stay and abeyance should be used only in limited circumstances where a petitioner can show: good cause, that his claims are not plainly meritless, and that he did not use dilatory tactics. In the instant case, it is not clear that Petitioner can show good cause for his failure to achieve a complete round of state court review for his unexhausted claims. Petitioner's claims are currently pending on state court appellate review. He has not offered a satisfactory reason for why this Petition was filed when his postconviction petition (or, as he characterized it, his petition for relief from judgment), which contained many of the same claims, was still pending before the state appellate court. The court cannot say, at this juncture, that facts cited by Petitioner rise to the level of good cause. The court declines to comment on the merits of Petitioner's case. Therefore, in this case, the court feels dismissal with leave to reinstate is more appropriate than a stay and abeyance. Dismissal with leave to reinstate preserves Petitioner's exhausted claims provided he moves to reinstate his petition within 152 days of the conclusion of state court review of his postconviction petition.

IT IS THEREFORE ORDERED:

(1) Respondent's Motion to Dismiss (#10) is GRANTED. Petitioner's Motion to Stay (#7) is DENIED.

(2) Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) is dismissed without prejudice and with leave to reinstate.

ENTERED this 14th day of February, 2014.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE